UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Ronald Butler | § |
| | § CIVIL ACTION NO. 4:16-cv-00578 |
| *Plaintiff,* | § |
| | § |
| | § |
| VS. | § |
| | § **JURY DEMAND** |
| ENSCO Incorporated | § |
| *Defendants.* | § |

## Plaintiff's Motion to Remand

The Court should remand this case because:

1. The "forum defendant" rule prevents removal based on diversity jurisdiction when one of the defendants is a Texas citizen;

2. Defendants have failed to adequately allege their citizenship; and

3. Even if no Texas citizen was involved in this case, it is axiomatic that Jones Act cases cannot be removed to federal court.

### I.

### Facts

Plaintiff Ronald Butler is a former Air Force veteran who was seriously injured while working offshore. He was "grabbed" by a co-worker, stumbled, and tore his Achilles tendon. At the time, Butler was working on an offshore drilling rig for Defendants. As a result, Butler filed a Jones Act personal injury suit in Texas state court. One of the Defendants is a Texas citizen. Defendants do not allege, let alone prove, that this defendant was fraudulently joined. But even if the Texas defendant's citizenship is ignored, the Jones Act is a bar to removal.

1

Defendants removed this case anyway. To get around the Jones Act's prohibition on removal, they allege Butler fraudulently pleaded his Jones Act claim since a choice-of-law-determination supposedly requires application of the law of the Marshall Islands. The Court should reject this argument. Butler is a United States citizen. Defendants brought him Houston for a pre-employment physical, they trained him in Houston, he regularly met with Defendants' personnel in Houston, and Defendants' failure to pay maintenance and cure was arose out of Defendants' Houston office. *See* Ex. A. His pay checks were also issued by ENSCO Limited – a company with a Houston address. Ex. B. After his injury, his maintenance and cure benefits were administered out of Houston. Ex. A; *See also* Ex. D. Butler has absolutely zero connection with the Marshall Islands. He has never been there or spoken to anyone in that country. Ex. A. Given these facts, it is clear that Defendants cannot sustain their "heavy" fraudulent pleading burden. As a result, the Court should remand this case.

## II.

### **The Court Should Remand This Case**

**A.** **Defendants' removal violates the "forum defendant" rule and Defendants fail to carry their fraudulent pleading burden as to the Texas defendant.**

"A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This case was filed in Texas state court. Doc. #1 at ¶ 1. Defendant Ensco Incorporated is a citizen of Texas. Doc. #1 at ¶ 4. It is not disputed that Ensco Incorporated has been served with

process and made an appearance in this case. Doc. #1 at ¶ 2. Consequently, the forum defendant rule prohibits removal on the basis of diversity jurisdiction.

Defendants try to get around the "forum defendant" rule by arguing that ENSCO Incorporated was "improperly joined . . . to defeat removal based on diversity." Doc. #1 at ¶ 4. "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The removing party must show "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id*. In determining whether a defendant has met this burden, the Court must resolve "all contested issues of substantive fact in favor of the plaintiff." *Id*. The Court also "must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id*. "A claim of fraudulent joinder must be pleaded with particularity, and supported by clear and convincing evidence." *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962); *See also Honey Holdings I, Ltd. v. Alfred Wolff, Inc.*, 81 F.Supp.3d 543, 558 n.2 and 564-65 (S.D. Tex. 2015)

Here, Defendants' Notice of Removal fails to go into much detail as to why they believe ENSCO Incorporated was fraudulently joined. They certainly fail to plead it with "particularity" and prove it "by clear and convincing evidence." For this reason alone, the Court should find that they have failed to carry their heavy "fraudulent joinder" burden. Since Defendants have failed to prove that ENSCO Incorporated was fraudulently joined, the Court should grant Plaintiffs' motion and remand this case.

**B. Defendants fail to properly allege the citizenship of the alleged foreign defendants.**

Besides failing to prove that ENSCO Incorporated was fraudulently joined, Defendants fail to properly allege the citizenship of the other two ENSCO defendants. The Fifth Circuit has "repeatedly stated that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted) (emphasis in original). "These rules are straightforward, and **the law demands strict adherence to them**." *Id*. (citation omitted) (emphasis added). A party does not meet its removal burden when it fails to follow these rules. *Id*. at 1259-60 (removing party did "not clearly establish that there is complete diversity" when it failed "adequately allege the citizenship of Companies Collective or its individual members.").

"[A] corporation shall be deemed a citizen of every State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is where it has its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). This is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. "[T]he citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). The same rule applies when determining the citizenship of "limited partnerships and other unincorporated associations or entities." *Id*. When a limited liability company is involved, the removing party "must list the citizenships of all the members of the limited liability company . . ." *Rolling Greens MHP, L.P. v Comcast SCH Holdings L.L.C.*, 374 F.3d 1020,

1022 (11th Cir. 2004); *Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC*, 2013 WL 3834626 (N.D. Tex. July 25, 2013) (same).

Here, Defendants do not allege that ENSCO Intercontinental is a corporation. Doc. #1 at ¶ 8. It appears to be an unincorporated association of some sort formed under Swiss law. Moreover, while Defendants state that that ENSCO Limited is a "corporation," it appears from its name that ENSCO Limited is actually a limited partnership or some other type of unincorporated association. *See* Doc. #1 at ¶ 8. Consequently, the citizenship of all of ENSCO Intercontinental's members should be listed so the Court may determine this entity's citizenship. The same is true for ENSCO Limited (to the extent it should not be treated as a corporation). Defendants' failure to do this makes their removal improper. *Getty Oil*, 841 F.2d at 1259-60.

While these rules are required to be strictly complied with by the removing party, Butler is not simply making a hyper-technical argument. For instance, **Butler's paycheck lists a Houston address for ENSCO Limited**. Ex. B. If it is a corporation, it seems logical that its principal place of business is in Houston. If it is not incorporated, it is incumbent on Defendants to state who its members are so ENSCO Limited's citizenship can be accurately determined. The Court should grant Butler's motion.

**C. Even if no Texas citizens were properly joined, Defendants' implicitly acknowledge that they cannot meet their heavy fraudulent pleading burden as to Butler's Jones Act claim.**

"It is axiomatic that Jones Act suits may not be removed from state court because [46 U.S.C. § 30104] (the Jones Act) incorporates the general provisions of the Federal Employers' Liability Act, including 28 U.S.C. § 1445(a), which in turn bars removal."

*Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993) (citations omitted).[1] The narrow exception to the Jones Act's bar on removal is where a defendant can show that the Jones Act allegations were fraudulently pleaded. *Id*. However, "the mere assertion of [fraudulent pleading] is not sufficient to warrant removing a case to federal court. Defendants must prove that the allegations of the complaint were fraudulently made, and any doubts should be resolved in favor of the plaintiff." *Id*. (internal citations omitted). The removing parties' "burden of persuasion is a heavy one." *Id*. "The district court must resolve disputed questions of fact from the pleadings and affidavits in favor of the plaintiff." *Id*. The Court must also resolve all "ambiguities in current substantive law in plaintiff's favor." *Holmes v. Atlantic Sounding Co., Inc.*, 437 F.3d 441, 445 (5th Cir. 2006), abrogated on other grounds by *Lozman v. City of Riviera Beach, Fla.*, 133 S.Ct. 735 (2013). This burden applies to maritime choice of law determinations. *Unterberg v. Exxon Mobil Corp.*, 2014 WL 3420779, at *7-8 (D. Haw. July 10, 2014); *Watson v. Heerema Marine Contractors Nederland B.V.*, 2010 WL 1710400, at *3 (E.D. La. Apr. 22, 2010).

Here, Defendants argue that Butler fraudulently pleaded his Jones Act claim because the law of the Marshall Islands supposedly governs this case. *See* Doc. #1 at ¶¶ 9-13. In making this argument, though, they admit that "the *Lauritzen-Rhoditis* factors applicable to this case fail to point clearly to a specific jurisdiction's law." *Id*. at ¶ 13. Respectfully, if the choice of law analysis does not "clearly" eliminate American law, then Defendants cannot sustain their "heavy" removal burden of proving that the Jones Act does not apply. This is

---

[1] This is true even if diversity jurisdiction exists. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001) (a Jones Act claim "is not subject to removal to federal court even in the event of diversity of the parties.").

particularly true when the Court considers that all factual disputes and all legal ambiguities are to be resolved in favor of remand. *Lackey*, 990 F.2d at 207; *Holmes*, 437 F.3d at 445; *Unterberg*, 2014 WL 3420779, at *7-8; *Watson*, 2010 WL 1710400, at *3. Consequently, the Court should remand the case for this reason alone.

**D.     The Jones Act applies to Butler's claims.**

Even though Butler believes that Defendants have implicitly conceded that they cannot meet their fraudulent joinder burden, Butler will address the relevant factors out of an abundance of caution. Maritime choice of law determinations are guided by the factors articulated in *Lauritzen v. Larsen*, 345 U.S. 571 (1953) and *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306 (1970). The *Lauritzen-Rhoditis* factors include: (1) the place of the wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured worker; (4) the allegiance or domicile of the defendant shipowner; (5) the place of the contract; (6) the inaccessibility of the foreign forum; (7) the law of the forum; and (8) the shipowner's base of operations. *Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1119 (5th Cir. 1995) (en banc). However, these factors are applied differently in cases dealing with "brownwater" seamen who work on drilling rigs than in cases deadline with "bluewater" seamen who work on shipping vessels. *Id*. ("The significance of each factor in a nontraditional maritime context like offshore oil production may vary from that in the traditional shipping context in which the *Lauritzen-Rhoditis* test arose."). For instance, "[t]he place of the wrongful act, the allegiance or domicile of the injured, and the place of the contract, which are less importation in the shipping context, are more significant in nontraditional cases such as this one." *Id*. Regardless, "[t]he test is not a mechanical one in which the court simply counts the relevant

contacts; instead the significance of each factor must be considered within the particular context of the claim and the national interest that might be served by the application of United States law." *Id*. (quotations and citations omitted).

*(1) The place of the wrongful act*

Butler was injured when a co-worker grabbed his scrotum, causing Butler to understandably recoil. In the process, he tore his Achilles tendon. The actual incident occurred off the coast of Angola. But the incident itself is not the only "wrongful act" involved in this case. Butler is also alleging that Defendants have improperly failed to properly pay his maintenance and cure benefits. *Id*. at ¶ 13. His maintenance and cure claim is being handled by Defendants' in Houston. Ex. A at ¶ 3; *See also* Ex. C. And the benefits are due to Butler in the United States and his American doctors that have provided medical treatment.

Thus, while the incident may have occurred off the coast of Angola, other "wrongful acts" that form the basis of Butler's lawsuit occurred in the United States. It is undisputed that none of the wrongful acts occurred in the Marshall Islands. *See* Ex. A at ¶ 4. Therefore, Defendants have failed to carry their "heavy" fraudulent pleading burden as to this factor. The Court should remand this case.

*(2) The law of the flag is entitled to minimal deference in this case*

Butler served aboard the ENSCO DS-6, a drilling vessel that flew the flag of the Marshall Islands. This factor, though, is not entitled to great deference when the parties have a significant connection to the United States:

> We see no reason whatsoever to give the Jones Act a strained construction so that this alien owner, engaged in an extensive business operation in this country, may have an advantage over citizens engaged in the same business by allowing him to escape the obligations and responsibility of a Jones Act 'employer.' The flag, the nationality of the seaman, the fact that his employment contract was Greek, and that he might be compensated there are in the totality of the circumstances of this case minor weights in the scales compared with the substantial and continuing contacts that this alien owner has with this country. If, as stated in *Bartholomew v. Universe Tankships Inc.*, 263 F.2d 437, the liberal purposes of the Jones Act are to be effectuated, the facade of the operation must be considered as minor, compared with the real nature of the operation and a cold objective look at the actual operational contacts that this ship and this owner have with the United States. By that test the Court of Appeals was clearly right in holding that petitioner Hellenic Lines was an 'employer' under the Jones Act.

*Rhoditis*, 398 U.S. 306, 310.

This factor is given even less importance when the flag being flown is a "flag of convenience." This term refers to a situation where "a vessel owner, for one reason or another, does not want to create mutual obligations with a country with stricter standards for registration. *See* H. Edwin Anderson, III, The Nationality of Ships and Flags of Convenience: Economics, Politics, and Alternatives, 21 Tul. Mar. L.J. 139, 157 (1996); *See also* https://en.wikipedia.org/wiki/Flag_of_convenience (explaining the practice of using flags of convenience offered by nations with open registries to "reduce operating costs or avoid the regulations of the [ship] owner's country") (last visited on April 4, 2016). The Marshall Islands is a nation that has an open registry and often provides flags of convenience to vessel owners from other nations. *See* https://en.wikipedia.org/wiki/List_of_flags_of_convenience (citing CIA World Factbook, Marshall Islands, Transportation) (last visited on April 4, 2016). Indeed, 92% of its flagged vessels are owned by foreign vessel owners. *Id*.

There is no suggestion that the parties, their relationship, or any of the facts giving rise to this lawsuit have anything to do with the Marshall Islands. *See* Ex. A at ¶ 4. There is not even a suggestion that the ENSCO DS-6 has even been to the Marshall Islands. As a result, the Court should place little weight on the fact that Defendants registered their vessel there. Regardless, this factor is not strong enough for Defendants to carry their heavy burden of proving that the law of the Marshall Islands should govern this case instead of the law of the United States. *See* Ex. A at ¶ 4.

*(3) The allegiance of the injured party*

This factor is entitled to significant weight in the analysis. *Coats*, 61 F.3d at 1119; *Rhoditis*, 398 U.S. at 310. Here, it is undisputed that Butler is a United States citizen and his allegiance is to the United States. Doc. #1 at ¶ 12. Accordingly, this factor weighs strongly in favor of remand.

*(4) The allegiance of the shipowner*

Defendants claim that the shipowner is a Swiss company. Doc. #1 at ¶ 12. This does not favor application of the law of the Marshall Islands. Therefore, the Court should remand this case.

*(5) The place of contract*

Defendants contend, and Butler agrees, that this factor is not applicable in this case. Doc. #1 at ¶ 12.

*(6) Inaccessibility of the foreign forum*

The Court can take judicial notice that the Marshall Islands are located approximately halfway between Papua New Guinea and Hawaii. Houston is obviously a more accessible

location for an Oklahoma plaintiff than the Marshall Islands. This factor weighs in favor of remand.

*(7) The law of the forum*

The law of this forum is the law of the United States. The Jones Act is included in this body of law. Indeed, this Court has presided over numerous Jones Act cases over the years. The same is true for the state court in Harris County. Courts in this forum are clearly more familiar with the Jones Act than with the law of the Marshall Islands. Therefore, this factor favors remand.

*(8) The shipowner's base of operations*

In cases dealing with brownwater seamen like Butler, the Fifth Circuit has held that "it is the base from which the rig is operated on a day-to-day basis rather than the base of operations of the corporate or ultimate owner of the rig which is important for choice of law purposes." *Coats*, 61 F.3d at 1120 (internal citations and quotes omitted). This factor also looks to where the base of operations for non-shipowning defendants is located. *Id*. at 1121.

Here, the medic on the rig who treated Plaintiff has an ENSCO phone number with a "713" area code. Ex. D. Defendants also sent Butler for training in Houston. Ex. A at ¶ 3. They also sent him to Houston for a pre-employment physical. *Id*. at ¶ 3. Approximately a year later, Defendants sent Butler to Houston for another physical. *Id*.; *See also* Ex. E. The "requestor" of this physical was Defendants' Houston office. Ex. E. Moreover, every other month, Butler would be required to meet with Defendants' personnel in Houston to help make travel arrangement for the next job. Ex. A at ¶ 3. This should not come as a surprise since Defendants' website lists Houston phone numbers for their Human Resources Service

Center, Investor Relations, and Media Relations. Ex. F. Indeed, Butler has never even been to the Marshall Islands. *Id*. at ¶ 4. Nor has he ever spoken to anyone affiliated with the Defendants who worked in the Marshall Islands. *Id*. at ¶ 4. Defendants cannot credibly claim this is where their base of operations is. Instead, from the available evidence, it appears that they are based in Houston. Consequently, in the context of a motion to remand where the Defendants are making a fraudulent joinder argument, the Court should find that Defendants' base of operations is in the United States. Accordingly, the Court should remand this case.

## III.

## Conclusion

The Court should grant Plaintiff's motion and remand this case.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Cory. Itkin*
Cory D. Itkin
State Bar No. 24050808
Federal Bar No. 618119
6009 Memorial Drive
Houston, Texas 77007
PH: (713) 222-3800
FAX: (713) 222-3850
citkin@arnolditkin.com

**OF COUNSEL:**
Jason A. Itkin
State Bar No. 24032461
Federal Bar No. 33053
Noah M. Wexler
State Bar No. 24060816
Federal Bar No. 916478
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007
PH:   (713) 222-3800
FAX:  (713) 222-3850
jitkin@arnolditkin.com
nwexler@arnolditkin.com

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiff has attempted to confer with counsel for Defendants about the resolution of this motion, but could not reach Defendants' counsel because they are overseas on business. Plaintiffs' counsel assumes that Defendants' oppose this motion.

*/s/ Cory Itkin*
_____
Cory Itkin

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are authorized to receive electronic service on this 4th day of April 2016.

*/s/ Cory Itkin*
_____
Cory Itkin